1 | Christina J. Moser, Esq. (SBN 199027)
BAKER & HOSTETLER LLP
2 | 127 Public Square, Ste 2000
Cleveland, Ohio 44114
3 | **Telephone: (216) 861-7818**
Facsimile: (216-696-0740
4 | cmoser@bakerlaw.com

NOTE: CHANGES MADE BY THE COURT

5 | Attorney for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JIYOUNG JANG, an individual, | Case No. CV 15-09119 ODW (JPRx) |
|---|---|
| Plaintiff, | <u>*The Honorable Otis D. Wright II, Presiding*</u> |
| v. | **STIPULATION AND REQUEST FOR ENTRY OF A PROTECTIVE ORDER** |
| ASCENA RETAIL GROUP, INC., a Delaware Corporation; et al., | |
| Defendants. | |

[PROPOSED] STIPULATED PROTECTIVE ORDER

# TABLE OF CONTENTS

1. STATEMENT OF GOOD CAUSE ...................................................................................1
   A. Definition of "Confidential Information"..................................................................2
   B. Production of Confidential Information ...................................................................3
   C. Levels of Confidentiality ...........................................................................................4
   D. Depositions ................................................................................................................5
   E. Items Filed with the Court .........................................................................................6
   F. Inadvertent Disclosure ...............................................................................................7
   G. Acknowledgment of Order ........................................................................................7
   H. Agreement of Parties to Order ...................................................................................8
   I. Objection to Designation ...........................................................................................8
   J. Continuing Effect of Order ........................................................................................9
   K. Additional Relief .....................................................................................................10
   L. Use for This Litigation Only ...................................................................................10
   M. Execution of Agreement ..........................................................................................10

|   |   |
|---|---|
| 1 | Plaintiff and Defendants (collectively, the "Parties") hereby STIPULATE and |
| 2 | AGREE pursuant to Federal Rule of Civil Procedure 26(c), subject to approval of the |
| 3 | Court, to the following Stipulated Protective Order ("Order"): |
| 4 |     **1. STATEMENT OF GOOD CAUSE:** This action involves claims for |
| 5 | copyright infringement under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et* |
| 6 | *seq.* The Parties, who are in the textile design and apparel retail industry, are direct |
| 7 | and/or indirect competitors of each other. A primary element of this case is related to |
| 8 | Plaintiff's claim that because of Defendants' alleged wrongful acts, Plaintiff has lost |
| 9 | substantial business relating to one of its copyrighted designs. Plaintiff also is |
| 10 | seeking disgorgement of Defendants' profits. The Parties therefore recognize that |
| 11 | extensive discovery requesting information from the Parties, their vendors, customers |
| 12 | and clients, including financial information, market information and other |
| 13 | commercially and competitively sensitive information may be necessary to prove |
| 14 | and/or disprove Plaintiff's claims and/or Defendants' defenses thereto. There will |
| 15 | also potentially be multiple depositions of the Parties' employees or agents and third |
| 16 | party vendors, customers or clients, and such persons will likely be asked to answer |
| 17 | questions on these potentially sensitive subject areas. The Parties, as competitors in |
| 18 | the industry, will likely be placed at a competitive or economic disadvantage if such |
| 19 | confidential and/or proprietary information is disclosed to other Parties and/or the |
| 20 | public at large. This Stipulated Protective Order ("Order") is therefore necessary to |
| 21 | avoid any prejudice or harm in the form of loss of competitive advantage which |
| 22 | would likely result if such information was disclosed in the absence of the |
| 23 | protections set forth herein. This Order is also necessary for the orderly management |
| 24 | of this litigation. Without this Order, the exchange of party information, as well as |
| 25 | information needed from third-party vendors, customers or clients, may become |
| 26 | logistically very difficult, time consuming and expensive. Accordingly, the Parties |
| 27 | submit that good cause exists for the entry of this Order. |
| 28 |   |

2. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

3. **NOW, THEREFORE**, the parties agree as follows:

**A. Definition of "Confidential Information"**

1. "Confidential Information," as used herein, means all information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

   (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use;

   (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

   (c) is otherwise regarded by a party as being confidential, private, or proprietary in nature for good reason.

2. Confidential Information may include, by way of example only and without limitation thereto, information relating to the following: any products, designs, specifications, tests, plans, studies, surveys, manufacture, distribution, marketing, promotion, advertisement, sales, opportunities, vendors, customers, financial matters, costs, sources, prices, profits, research, development, analysis, know-how, show-how, personnel, strategies, or competition.

3. "Attorneys' Eyes Only" shall mean that the disclosing party has a reasonable belief that the information disclosed, if known to one or more parties in the case would have a reasonable chance of putting the disclosing party to a competitive disadvantage or otherwise result in

the disclosure of sensitive proprietary information that could cause future harm.

**B.** **Production of Confidential Information**

1. All efforts by any party or witness in this matter to designate any information as "Confidential" shall be governed by the terms of this Order. The party by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party." By receiving any property designated as "Confidential," the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such property and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such property.

2. All Confidential Information produced by the Disclosing Party to the Receiving Party in whatever form (e.g., documents, materials, things, testimony or other information ) during the course of this matter shall be designated "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with the terms of this order, infra , prior to disclosure, by use of a reasonably conspicuous and prominent mark. In the case of documents, the mark shall be on every page containing confidential information or, in the case of electronically stored information, in the file name pathway and/or on the storage medium.

3. Derivative Material (copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated Confidential or Confidential – Attorneys' Eyes Only information) shall be marked as provided in Paragraph B(2), supra.

**C. Levels of Confidentiality:** Any information designated as "Confidential" or "Confidential-Attorneys' Eyes Only" shall be restricted in accordance with the following levels of confidentiality:

1. "Confidential-Attorneys' Eyes Only" -- Information designated as "Confidential-Attorneys' Eyes Only" shall be restricted to viewing, or copying by, and disclosure to:

   (a) Attorneys acting on behalf of the parties in this matter;

   (b) The office personnel employed by the counsel working under the direct supervision of said counsel;

   (c) The United States District Court for the Central District of California and all clerks and other personnel in the United States District Court for the Central District of California, before which this action is pending;

   (d) Experts and consultants necessarily retained by counsel of record in this litigation, but only if these experts and consultants comply with this agreement in full, and read, and sign, and agree to be bound by all of its terms;

   (e) All persons who authored or received the information prior to its designation hereunder, as evidenced by the terms of the document itself, but only if these persons comply with this agreement in full, read, and read, sign, and agree to be bound by all of its terms; and

   (f) Any mediator, arbitrator, or person charged with performing alternative dispute resolution services in connection with this case, but only if these persons –excluding any judicial officer-- comply with this agreement in full, sign, and agree to be bound by all of its terms.

2.  "Confidential" -- Information designated as "Confidential" shall be restricted to viewing, copying by, and disclosure to:

    (a) All "Confidential-Attorneys' Eyes Only" persons as described above;

    (b) All necessary, pertinent employees, officers, and directors of each party of record. It is not necessary that each such person sign this order, provided that the Receiving Party has previously notified all employees, officers, and directors of the existence of this order, its terms, and the consequences of an unauthorized disclosure; and

    (c) To the extent not already permitted in Paragraphs C(2)(a)-(b), all persons who authored or received the information prior to its designation hereunder, as evidenced by the terms of the document itself, but only if these persons comply with this agreement in full, read, and read, sign, and agree to be bound by all of its terms.

### D. Depositions

1.  Any party may designate testimony on oral deposition as "Confidential" or "Confidential-Attorneys' Eyes Only". The designation of such testimony shall be made at any point during the deposition by so stating on the record and identifying the level of protection desired.

2.  Once testimony has been designated as "Confidential" or "Confidential-Attorneys' Eyes Only", only the following persons shall be present for the answer:

    i.   Persons authorized under this Order;

    ii.  The deponent; and

    iii. The reporter and videographer.

- 5 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

3. Each court reporter and videographer participating in any deposition shall be provided with a copy of this Order and shall adhere to its provisions. Each court reporter must separately bind those portions of deposition transcript and related exhibits deemed confidential and shall further separate into separate bound deposition transcripts–by the various levels of confidentiality–and shall thereon place a reasonably conspicuous and prominent designation on the first page of each such bound transcript or exhibits.

4. A deponent and/or party shall have until thirty (30) days after receipt of a deposition transcript to designate additional portions of the transcript under this Order.

5. Each party shall cause each copy of the transcript in its custody or control or that comes into its custody or control to be immediately marked as designated.

6. Prior to the expiration of the thirty (30) days, a deposition transcript and/or the substance of a deponent's answers may be disclosed only to those persons authorized to receive items designated as "Confidential-Attorneys' Eyes Only" and the deponent.

**E. Items Filed with the Court**

1. When any documents, things, or testimony in whatever form is filed or lodged with Court that is designated as "Confidential" or "Confidential-Attorneys' Eyes Only", they shall be filed with, and maintained under seal or in camera by, Court pursuant to Central District L.R. 79-5 if the Court grants the application.

2. To the extent practicable, designated items or the substance of designated items shall be filed separately or in severable portions of filed papers, so that non-designated items may be freely disseminated.

3. Confidential material to be filed, or included in papers to be filed, with the Court shall each be accompanied by an application to file the papers, or confidential portions thereof, under seal. The application shall include a showing of good cause for filing under seal. The application shall be directed to the judge to whom the papers are directed.

**F.   Inadvertent Disclosure**

1. The inadvertent or unintentional disclosure of "Confidential" or "Confidential-Attorneys' Eyes Only" or any other privileged or protected item, regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of protection or privilege either as to the specific information disclosed therein or on the same or related subject matter, provided that the party later asserting a claim of protection or privilege informs the opposing parties of its claim within a reasonable time after learning of the disclosure.

2. The Receiving Party shall promptly destroy, sequester, or return to the Disclosing Party any protected or privileged item discovered by the Disclosing Party to have been inadvertently or unintentionally disclosed to the Receiving Party upon being notified of the Disclosing Party's claim of protection or privilege. If the Receiving Party disclosed the protected or privileged item before being notified of the Disclosing Party's claim of protection or privilege, it must take reasonable steps to retrieve the item for destruction, sequestering, or return to the Disclosing Party.

**G.   Acknowledgment of Order:** Each person required by this Order to sign a statement agreeing to be bound must sign a statement to be delivered to and maintained by the Disclosing Party which states the following:  I have read the

Protective Order issued by the United States District Court for the Central District of California in the matter of *Jang v. Ascena Retail Group, Inc., et al.,* case number CV 15-09119 ODW (JPRx), regarding confidentiality of materials designated by the parties and their counsel. I understand and agree to be bound by the terms of this Order. Prior to any disclosure to any expert or consultant, the Receiving Party must provide to the Disclosing Party the acknowledgement, the resume or curriculum vitae of the proposed expert or consultant, and any current and past involvement of the expert or consultant within the apparel industry over the previous ten years. The Disclosing Party will thereafter have fourteen (14) days to object, for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within fourteen (14) days constitutes approval. If the parties are unable to resolve any objection, the Receiving Party must file a motion under Local Rule 37 with the Court to allow disclosure. There will be no disclosure to any expert or consultant absent approval by the Disclosing Party or a ruling by the Court on a motion by the Receiving Party allowing disclosure.

**H.     Agreement of Parties to Order:** All parties, their counsel, and all persons agreeing to be bound by this Order will abide by all of the terms of this Order until otherwise ordered by the United States District Court for the Central District of California, or by written notice releasing them from the respective obligations received from the pertinent Disclosing Party.

**I.     Objection to Designation:** This Agreement does not act as an admission by any Receiving Party that any property, documents, or information designated as "Confidential" or "Confidential-Attorneys' Eyes Only" by any Disclosing Party is in fact Confidential Information, and each party reserves the right to challenge as improper, by motion or otherwise, the designation by the other party.

**J.     Continuing Effect of Order:** At the conclusion of this matter by lapse of all appeal right after entry of final judgment from which no further rights of appeal exist, or by settlement of this matter, all information designated confidential and submitted to the Court shall presumptively become public. Each party who wishes for the information submitted to the Court and designated as confidential to remain confidential and/or be returned at the conclusion of trial, shall submit an application accompanied with a statement showing good cause, to the Court in advance of trial, for the Court to consider in its discretion. Except for designated confidential information made public by the parties or the Court, at the conclusion of this matter by lapse of all appeal right after entry of final judgment from which no further rights of appeal exist, or by settlement of this matter, each party shall promptly return to the other party all materials designated as confidential and shall thereafter continue to respect all obligations hereunder as to such designated materials. The Receiving Party shall not retain any copies of such materials for any purpose including archival without the express written consent of the Disclosing Party, except:

  1.   for archival purposes, the Receiving Party will be entitled to maintain a record by list or directory for the documents that were received and returned;

  2.   outside counsel of record may retain bona fide work product pursuant to all obligations hereunder as to such designated materials; and

  3.   the duty to return or destroy information shall not extend to electronically-exchanged information that has been maintained and archived in the normal course of business, provided that such archives are subject to reasonable security measures and normally accessible only to persons responsible for maintaining said archives. If archived

      material is restored, reasonable effort shall be made to destroy or otherwise render inaccessible information received from the Disclosing Party.

**K.** **Additional Relief:** No party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from the United States District Court for the Central District of California, as may be appropriate to protect its interests or otherwise prepare this matter for trial.

**L.** **Use for This Litigation Only**

    1.    Items designated under this Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action.

    2.    In the event that any party and/or recipient of Confidential Information pursuant to this Order is served with legal process or otherwise requested to disclose any Confidential Information (the "Disclosing Entity") by any person or entity not covered by this Order, including, without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure except to the extent that such notice is precluded by law.

**M.** **Execution of Agreement:** This agreement shall be deemed effective as between the Parties upon execution by the undersigned stipulating counsel.

IT IS SO STIPULATED by counsel of record:

1  Attestation: I, Christina J. Moser, attest that all the signatories listed below, and on
2  whose behalf the filing is submitted, concur in the filing's content and have
3  authorized the filing.

4  Dated: October 4, 2016         By:    /s/ Frank N. Lee
                                          Frank N. Lee, Esq.
5                                         Attorney for Jiyoung Jang

6  Dated: October 4, 2016         By:    /s/ Christina J. Moser
                                          Christina J. Moser, Esq.
7                                         Attorney for Defendants

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 11 -
[PROPOSED] STIPULATED PROTECTIVE ORDER

1       The terms and conditions set forth in this stipulation and request for entry of a
2 protective order are hereby so ordered.

5   Dated: October 24, 2016       By:_____

6                            United States Magistrate Judge

7                            Hon. Jean P. Rosenbluth

[PROPOSED] STIPULATED PROTECTIVE ORDER

# CERTIFICATE OF SERVICE

I am employed in Cuyahoga County, Ohio. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Key Tower, 127 Public Square, Suite 2000, Cleveland, OH 44114-1214. I hereby certify that the foregoing STIPULATION AND REQUEST FOR ENTRY OF A PROTECTIVE ORDER was filed via the Court's electronic filing system on October 4, 2016. Counsel of record who are registered with the electronic filing system will receive electronic notification from the Court that they may access copies via the Court's website.

I declare that I am a member of the Bar of this Court.

Executed on **October 4, 2016**, at Cleveland, Ohio.

*/s/ Christina J. Moser*
Christina J. Moser
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
T: 216.621.0200 F: 216.696.0740
Email: cmoser@bakerlaw.com
Christina J. Moser
BAKER & HOSTETLER LLP

Attorneys for Defendants